FILED

2016 Jun-27  AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| NATISHIA HUMPHREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 5:16-CV-00704-CLS |
| | ) | |
| CHEDDAR'S CASUAL CAFÉ, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Natishia Humphrey filed this action against her former employer, Cheddar's Casual Café, Inc. ("Cheddars"), asserting claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").[1]   The action currently is before the court on defendant's motion to dismiss the action and compel arbitration.[2]

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA" or "the Act"), establishes a national policy favoring arbitration of disputes.   *See, e.g., Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987).   "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983) (alteration

---

[1] Doc. no. 1 (Complaint), ¶¶ 9-22, 23-33.

[2] Doc. no. 6.

supplied).   "[A]s with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability."   *Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (alteration supplied).

The existence of a valid contract to arbitrate is determined by state law.  *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).   There are two prerequisites for a valid arbitration contract under Alabama law:   "(1) there must be a written agreement calling for arbitration[;] and (2) the contract in which the arbitration agreement appears must relate to a transaction involving interstate commerce." *Prudential Securities v. Micro-Fab, Inc.*, 689 So. 2d 829, 832 (Ala. 1997) (citing *Maxus, Inc. v. Sciacca*, 598 So. 2d 1376 (Ala. 1992)) (alteration supplied).

There undisputedly exists a written agreement calling for arbitration.   That agreement, dated December 9, 2014, states:

> The Company and the Employee consent to the resolution by arbitration of all claims or controversies involving Employee's application with, employment with, or termination from, the Company.
>
> The Claims covered by this Agreement include, but are not limited to . . . claims for discrimination, *retaliation*, or *harassment of any kind*, including without limitation harassment or discrimination based on gender, race, nationality, ethnicity, disability, religion, or age. . . .

Doc. no. 7-2, at ECF 5 (Arbitration Agreement) (ellipsis and emphasis supplied).

Plaintiff's "Opposition to Defendant's Motion to Compel Arbitration" states, in

pertinent part:

> Defendant has failed to carry its burden.   Defendant contends Plaintiff electronically signed the arbitration agreement dated December 9, 2014. (Doc. 6-2).   An electronic signature has the same effect as a handwritten signature, however, the signature still must be attributed to that person before it can be established as the act of that person.   Ala. Code § 8-1A-9 (2015).   Whether an electronic signature is attributable as an act of that person "may be shown in any manner, including a showing of the efficacy of any security procedure . . . [and] from the context and surrounding circumstances at the time of its creation, execution, or adoption."   *Id.* *Defendant's affidavit shows no policy or process to explain how Plaintiff's electronic signature was placed on the arbitration agreement per some sort of unique identification or log in procedure or any other method to ensure that the alleged signature is attributable to the Plaintiff.   In short, Defendant presents no evidence as to how this electronic signature to its arbitration agreement came to be.*   Defendant's affiant only states, without support, that Plaintiff's electronic signature is affixed to the agreement.
>
> Defendant's Motion to Dismiss and to Compel Arbitration fails to meets [*sic*] its burden and is due to be DENIED.

Doc. no. 13 (Plaintiff's Opposition to Defendant's Motion to Compel Arbitration), ¶¶ 2 & 3, at 1-2 (alteration and second ellipsis in original, first ellipsis and emphasis supplied).

Defendant subsequently filed a reply, stating:   "Plaintiff does not dispute that a valid arbitration agreement exists between the parties, nor does she dispute that Plaintiff's claims fall squarely within the scope of the arbitration agreement."[3]

---

[3] Doc. no. 14 (Defendant's Reply in Response to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration), at 1.

Moreover, in response to plaintiff's contention that defendant failed to demonstrate that the electronic signature affixed to the arbitration agreement indeed was *hers*, defendant states:

4.  At the time [plaintiff] signed the 2014 Arbitration Agreement, she also completed a Personal Information Form, which required she provide the following: (1) her social security number; (2) her first name, middle initial, and last name; (3) her street address; (4) her telephone number; (5) her email address; (6) her date of birth; and (7) her gender. *See* Ex. A at ¶¶ 8, 9 and **Exhibit 2**, attached thereto.

5.  Like the arbitration agreement, the Personal Information Form is part of a new hire packet all Cheddar's employees are required to sign upon their hire. *Employees must have a personal password to access, fill out, and sign the packet's forms. See* Ex. A at ¶ 9.

6.  In addition to providing Cheddar's with a record of Plaintiff's personal information, the Personal Information Form also explains how Plaintiff's electronic signature came to be affixed on the 2014 Arbitration Agreement. *See* Ex. A at ¶ 11, and Ex. 2, attached thereto.

7.  The Personal Information Form explains the electronic signature process as follows:

    You will be asked to provide your signature electronically on the required forms and documents by placing your initials in a box or checking an 'I Agree' box where indicated. Your initials will consist of the first letter of your first name, the first letter of your middle name, and the first letter of your last name. . . . By providing your signature below, you:

    • Agree that your electronic signature will have the same legal and binding effect as if it were a manual (hand-written) signature.

4

- **Agree that your initials and/or an agreement checkbox, in conjunction with your personal password that you used to gain access to the system, will identify that record or transaction as yours.**

- **Agree that because an electronic record or transaction undertaken with your password will be attributed to you, it is essential that you keep it secure.** You also agree that you will not disclose your password to another person.

- Agree that you will immediately request that your electronic signature be revoked if you discover or suspect that it has been or is in danger of being lost, disclosed, compromised, or subject to unauthorized use in any way.

- **Understand that a record or signature may not be denied legal effect or enforceability solely because it is in electronic form**.

*See* Ex. A at ¶ 12 and Ex. 2, attached thereto.  (emphasis added).

8.      Pursuant to Ala. Code § 8-1A-9(a), "[a]n electronic record or electronic signature is attributable to a person if it was the act of the person.  **The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable**." (emphasis added).

9.      Ala. Code § 8-1A-9(b) further provides: "The effect of an electronic record or electronic signature attributed to a person under subsection (a) is determined from the context and surrounding circumstances at the time of its creation, execution, or adoption, including the parties' agreement, if any, and otherwise as provided by law."

5

10.    As the Personal Information Form explains, *Plaintiff gained access to Cheddar's system through the use of her personal password, at which point she provided Cheddar's with her personal information and electronically signed the 2014 Arbitration Agreement.*

11.    When Plaintiff's electronic signature is considered alongside Plaintiff's personal information and the security procedure Plaintiff followed to electronically sign the arbitration agreement, as required under Ala. Code § 8-1A-9(b), it is clear that Plaintiff's electronic signature may properly be attributed to her.

12.    Accordingly, Cheddar's has demonstrated how Plaintiff's signature on the 2014 Arbitration Agreement came to be, and this Court should enter an order dismissing Plaintiff's Complaint and compelling Plaintiff to arbitrate her claims.

Doc. no. 14 (Defendant's Reply in Response to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration), at 2-5 (boldface emphasis, ellipsis, and alteration in original, italicized emphasis supplied).

In light of all of the foregoing, the court is satisfied that there was a written arbitration agreement regarding plaintiff's employment, and that plaintiff electronically affixed her signature to the agreement.   Plaintiff does not dispute that the agreement pertains to matters involving interstate commerce.   Accordingly, there is a valid, enforceable arbitration agreement under Alabama law.   *See Prudential Securities*, 689 So. 2d at 832.

In addition to requesting that this court compel arbitration, defendant requests that

the court dismiss the action.[4]   That aspect of defendant's motion is due to be denied. Although there is legal authority from other circuits supporting the proposition that courts have discretionary authority under 9 U.S.C. § 3 to dismiss cases when compelling arbitration,[5] the Eleventh Circuit adheres to a more literal interpretation of the statute. *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992). *See also Musnick v. King Motor Company of Ft. Lauderdale*, 325 F.3d 1255, 1261 (11th Cir. 2003); *Pitchford v. Amsouth Bank*, 285 F. Supp. 2d 1286, 1297 (M.D. Ala. 2003); *Wright v. Circuit City Stores, Inc.*, 82 F. Supp. 2d 1279, 1288 (N.D. Ala. 2000); *Bradford v. KFC National Management Co.*, 5 F. Supp. 2d 1311, 1315 (M.D. Ala. 1998); *Nazon v. Shearson Lehman Brothers, Inc.*, 832 F. Supp. 1540, 1543 (S.D. Fla. 1993). *Accord Lloyd v. Hovensa, L.L.C.*, 369 F.3d 263, 268-71 (3d Cir. 2003).

In *Bender*, for example, the Eleventh Circuit concluded that district courts do not have the power to choose dismissal over a stay:

───────────────

[4] Doc. no. 14 (Defendant's Reply in Response to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration), at 5.

[5] Section 3 of the Federal Arbitration Act states that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been held in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis supplied).

> The district court properly found that the state law claims were subject to arbitration, *but erred in dismissing the claims rather than staying them. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration.* 9 U.S.C. § 3. If the parties do not proceed to arbitration, the court may compel arbitration. 9 U.S.C. § 4. Therefore, we vacate the dismissal of the state law claims and remand with instructions that judgment be entered staying all claims pending arbitration.

*Bender*, 971 F.2d at 699 (emphasis supplied). In *Lloyd*, the Third Circuit expressed a similar stance on the issue, primarily basing its reasoning upon the clear statutory language, but also providing some practical justifications for entering a stay rather than an order of dismissal. *Lloyd*, 369 F.3d at 268-71. The court noted that a stay "relieves the party entitled to arbitrate of the burden of continuing to litigate the issue while the arbitration process is on-going, and it entitles that party to proceed immediately to arbitration without the delay that would be occasioned by an appeal of the District Court's order to arbitrate."[6] *Id.* at 269.

For those reasons, it is ORDERED that this action is STAYED pending resolution through arbitration.

Even so, the Clerk is directed to close this file for administrative and statistical purposes. *See, e.g., Taylor v. Citibank U.S.A., N.A.*, 292 F. Supp. 2d 1333, 1346 (M.D.

---

[6] The Eleventh Circuit also recognizes the fact that stays, unlike dismissals, are unappealable, interlocutory decisions. The court in *Bender* observed, "[i]f the district court had stayed the state law claims and compelled arbitration under 9 U.S.C. §§ 3-4, this order would not have been appealable under 9 U.S.C. §§ 16(b)(1) and (2)." *Bender*, 971 F.2d at 699 (alteration supplied). *See also Campbell v. Dominick & Dominick, Inc.*, 872 F.2d 358, 360 (11th Cir. 1989).

Ala. 2003) (closing file administratively after entering stay but advising parties of their right to request reinstatement); *Pitchford*, 285 F. Supp. 2d at 1297 (same); *Nazon*, 832 F. Supp. at 1543 (same); *Brown v. Terminix International Company, L.P.*, No. CV-05-607-PB, 2006 WL 181678, at *5 (S.D. Ala. Jan. 24, 2006) (same). That action shall have no effect on the court's retention of jurisdiction, and the file may be re-opened, on either party's motion, for an appropriate purpose, such as dismissal following settlement, entry of judgment, vacatur, or modification of an arbitrator's award. *See* 9 U.S.C. § 9; *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, 529 U.S. 193, 201-02 (2000).

The parties are DIRECTED to file a notice with the court upon settlement of the case or the conclusion of arbitration, whichever event shall first occur.

**DONE** and **ORDERED** this 27th day of June, 2016.

_____
United States District Judge

9